**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>REFUGIO DIAZ, aka Cuco,<br><br>Defendant-Appellant. | No. 17-10198<br><br>D.C. No. 4:14-cr-00582-JD-4<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
James Donato, District Judge, Presiding

Submitted July 11, 2018[**]
San Francisco, California

Before: TASHIMA, GRABER, and HURWITZ, Circuit Judges.

A jury convicted Defendant Refugio Diaz of agreeing to rig bids at home

foreclosure auctions, in violation of the Sherman Act, 15 U.S.C. § 1. The district

court sentenced Defendant to eight months' imprisonment followed by a period of

supervised release. As conditions of supervised release, the district court ordered

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

that Defendant, as directed by his probation officer, notify third parties of the risks associated with his criminal record, personal history, and characteristics.

1. The government offered sufficient evidence for a reasonable juror to conclude that Defendant's conduct occurred "within the flow" of interstate commerce. McLain v. Real Estate Bd. of New Orleans, Inc., 444 U.S. 232, 235 (1980). Although all auctions at issue took place in Alameda County, California, the government offered evidence that those auctions functioned as "integral parts," Goldfarb v. Va. State Bar, 421 U.S. 773, 785 (1975), of various interstate transfers. For example, Danli Liu, one of Defendant's co-conspirators, testified that she won one of the rigged auctions and, as a result, sent a cashier's check to a trustee in Arizona. That same trustee later sent Liu, from Arizona to California, a partial refund in conjunction with the same sale. That testimony and other evidence, viewed in the light most favorable to the verdict, United States v. Ubaldo, 859 F.3d 690, 699 (9th Cir. 2017), cert. denied, 138 S. Ct. 704 (2018), supports the conclusion that the scheme at issue took place "within the flow" of interstate commerce, McLain, 444 U.S. at 235, 241–43.

2. There was no constructive amendment of the indictment. The indictment charged Defendant with respect to "business activities . . . within the continuous and uninterrupted flow of . . . interstate trade and commerce." The jury

2

instructions tracked that charge, explaining that "[t]he government must prove beyond a reasonable doubt that the conspiracy charged in the indictment occurred in the flow of interstate commerce." Those instructions did not permit the jury to convict Defendant on conduct different from that set forth in the indictment. United States v. Wilbur, 674 F.3d 1160, 1178 (9th Cir. 2012).

3. The district court did not err at sentencing by increasing the offense level under U.S.S.G. § 2R1.1(b)(2) on the ground that Defendant's conduct affected more than $1 million in commerce. Under the Guidelines, the relevant amount is not just the decrease in value resulting from a defendant's scheme, but instead is the overall amount of commerce involved in the scheme. See U.S.S.G. § 2R1.1(b)(2) background n.7 (noting that whether the increase applies is "not based directly on the damage caused or profit made by the defendant").

4. The district court plainly erred in imposing the "notice of risks" condition in the form used. We held in United States v. Evans, 883 F.3d 1154, 1157 (9th Cir. 2018), petition for cert. filed, ___ U.S.L.W. ___ (U.S. May 29, 2018) (No. 17-9208), that an identically worded condition was unconstitutionally vague. Accordingly, we vacate the "notice of risks" condition and remand for resentencing in light of Evans.

**AFFIRMED in part; VACATED and REMANDED in part.**

3